UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ALAN **BEAUREGARD**,

        Plaintiff,

        v.

HONORABLE RAY **MABUS,**

        Defendant.

Civil Action No. 10-cv-1972 (RLW)

# **MEMORANDUM OPINION[1]**

Plaintiff Alan P. Beauregard, ("Beauregard"), father and personal representative of the late First Lieutenant James J. Beauregard ("Lt. Beauregard"), brings this action against Secretary of the Navy, Honorable Ray Mabus, seeking judicial review of the March 15, 2006 decision of the Board for Correction of Naval Records ("the Board") under the Administrative Procedure Act ("APA"). 5 U.S.C. § 701 *et seq.* (2000). Beauregard challenges the Board's decision regarding the delay and denial of the promotion of Lt. Beauregard, the characterization of Lt. Beauregard's discharge, and the correction of Lt. Beauregard's military records. (See generally Compl.). Beauregard alleges that the Board's actions in denying Beauregard's application for relief were arbitrary and capricious.

---

[1] This unpublished memorandum opinion is intended solely to inform the parties and any reviewing court of the basis for the instant ruling, or alternatively, to assist in any potential future analysis of the *res judicata*, law of the case, or preclusive effect of the ruling. The Court has designated this opinion as "not intended for publication," but this Court cannot prevent or prohibit the publication of this opinion in the various and sundry electronic and legal databases (as it is a public document), and this Court cannot prevent or prohibit the citation of this opinion by counsel. *Cf.* Fed. R. App. P. 32.1. Nonetheless, as stated in the operational handbook adopted by our Court of Appeals, "counsel are reminded that the Court's decision to issue an unpublished disposition means that the Court sees no precedential value in that disposition." D.C. Circuit Handbook of Practice and Internal Procedures 43 (2011).

Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56, arguing that the Board used an adequate decision making process as to all issues relating to Lt. Beauregard's promotion and discharge. (Dkt. No. 9 at 11-12). Plaintiff has cross-moved for summary judgment, arguing that summary judgment should be granted in Plaintiff's favor because the Board's decision was arbitrary, capricious and an abuse of discretion. (Dkt. No. 14 at 17). Upon a complete review of the administrative record ("AR"), and for the reasons set forth below, the Court concludes that the administrative record supports the Board's determination. Accordingly, Defendant's Motion for Summary Judgment is granted, and Plaintiff's Cross-Motion for Summary Judgment is denied**.**

## BACKGROUND

Lt. Beauregard entered active duty as an officer candidate in the United States Marine Corps on May 10, 1996. (AR at 4). In March 2001, Lt. Beauregard became the subject of a criminal investigation by both civilian and military authorities regarding allegations of larceny and several other related offenses. (Compl. at ¶ 28-29). While this investigation was pending, Lt. Beauregard was selected for promotion from First Lieutenant to Captain and his name was added to the promotion list on June 1, 2001. (Compl. at ¶ 27; AR at 5, 40). On June 8, 2001, Lt. Beauregard's Commanding Officer recommended that his promotion be delayed and that his name be possibly removed from the promotion list due to the ongoing investigation. (Compl. at ¶ 49; Dkt. No. 9 at ¶ 8; AR at 182). On June 25, 2001, Lt. Beauregard acknowledged the promotion delay by submitting a written response to his Commanding Officer regarding the decision to withhold his promotion. (Compl. at ¶ 50; Dkt. No. 9 at ¶ 9; AR 42). On June 28, 2001, the official "Notification of Promotion Delay and Possible Removal from Fiscal Year 2002 Promotion List" notice was issued recommending to the Commandant of the Marine Corps that

due to the "serious nature of the pending charges" the Commander of the First Marine Division "strongly recommend[ed] that [Lt. Beauregard's] promotion be delayed until his case is resolved." (Dkt. No. 9 at ¶ 11; AR at 44, 183).  On July 11, 2001, the Staff Judge Advocate to the Commandant of the Marine Corps ordered that Lt. Beauregard not be separated, promoted, or transferred without coordination with the Judge because of the pending charges.  (Dkt. No. 9 at ¶ 15; AR at 5, 49-51).

Based on Lt. Beauregard's position on the promotion list, he was set for promotion on August 1, 2001; however, on August 16, 2001, the Commandant of the Marine Corps approved the recommendation that Lt. Beauregard's promotion be delayed due to "the potentially adverse allegations of larceny and fraud." (Compl. ¶ 37; Dkt. No. 9 at ¶ 16; AR at 5, 52-53).  On August 12, 2001, Lt. Beauregard was arrested and charged with driving under the influence of alcohol ("DUI").  (Compl. ¶ 37; Dkt. No. 9 at ¶ 18; AR at 5, 56-57).  Investigative hearings on the criminal charges were held on September 5, 2001 and October 4, 2001.  (Compl. ¶33).  During the September 5, 2001 hearing, Lt. Beauregard testified to being charged with a DUI.  (Compl. ¶ 41).  Lt. Beauregard admitted his guilt to the DUI offense to civilian authorities on September 17, 2001.  (Compl. at ¶ 42; Dkt. No. 9 at ¶ 20; AR at 5-6, 67).

On May 22, 2002, the Commanding General withdrew and dismissed all charges against Lt. Beauregard regarding his larceny and other related offenses.  (Compl. ¶¶ 35-36; Dkt. No. 9 at 23; AR at 6).  Lt. Beauregard's Commanding Officer initiated separation actions on June 28, 2002.  (Compl. at ¶ 60; Dkt. No. 9 at ¶ 24; AR at 6, 70-71).  Lt. Beauregard was notified of the separation proceedings on July 3, 2002, at which time Lt. Beauregard was informed of his procedural rights, including his right to a Board of Inquiry hearing and his right to render his resignation in lieu of separation processing.  (Dkt. No. 9 at 25-26; AR at 72-73).  On July 9,

2002, Lt. Beauregard submitted a resignation request in lieu of separation processing and waived his right to a Board of Inquiry hearing. (Compl. ¶ 72; Dkt. No. 9 at ¶ 27-28; AR at 6, 74-75, 197). The First Endorsement of Lt. Beauregard's separation was issued July 12, 2002, the Second Endorsement was issued on July 25, 2002, and the Third Endorsement was issued October 9, 2002. (Compl. at ¶¶ 63, 69, 74; Dkt. No. 9 at ¶¶ 30, 31, 33; AR at 6, 77-83). Lt. Beauregard's resignation request was ultimately denied on October 2, 2002. (Dkt. No. 9 at ¶ 32; AR at 7, 80).

Lt. Beauregard was separated from the United States Marine Corps on October 15, 2002, at which time he was issued a Certificate of Release or Discharge from Active Duty ("DD Form 214") indicating a discharge characterization of "Honorable" by reason of completion of his required active service. (Compl. at ¶ 10; Dkt. No. 9 at ¶¶ 34-35; AR at 7, 84). On October 24, 2002, the Assistant Secretary of the Navy for Manpower for Reserve Affairs directed that Lt. Beauregard receive a "General" discharge by reason of unacceptable conduct. (Compl. at ¶ 75; Dkt. No. 9 at ¶ 36; AR at 7). Consequently, on February 6, 2003, Lt. Beauregard's DD Form 214 was corrected by issuance of a DD Form 215 designating a "General" discharge by reason of unacceptable conduct. (Compl. at ¶ 77; Dkt. No. 9 at ¶ 37; AR at 7, 85-86).

Following Lt. Beauregard's death on August 6, 2004, his father and personal representative completed the application process for the correction of records on behalf of his son pursuant to 32 C.F.R. § 723.3(a)(3). (Compl. at ¶ 7, 11-12, 80; Dkt. No. 9 at ¶ 38; AR at 87). In his application, Beauregard requested that the Board: 1) void the existing DD-215 Form with its "General" characterization; 2) reinstate the original DD-214 Form with its "Honorable" characterization; 3) direct that Lt. Beauregard be posthumously promoted to Captain; 4) award Lt. Beauregard's back pay; 5) direct the removal from Lt. Beauregard's official military

4

personnel file of all documents referencing the withdrawn and dismissed criminal charges. (Compl. at ¶ 81; Dkt. No. 9 at ¶ 39; AR 88-111).  On March 15, 2006, after the issuance of an Advisory Opinion from the Military Law Branch of the Judge Advocate Division ("JAM") that recommended the denial of the application for relief, the Board issued its decision concluding that, despite procedural deficiencies, the Department had substantially complied with all relevant procedures.  (Compl. at ¶ 13, 15; Dkt. No. 9 at ¶ 40-48; AR at 3-12, 18).  The Board denied Beauregard's application on all counts finding that Beauregard's requests were without merit. (AR at 11).  Beauregard timely filed his Complaint in this Court seeking review of the Board's decision on November 17, 2010.  See 28 U.S.C. § 2401(a).

## STANDARD OF REVIEW

The Secretary of a military department, acting through a civilian board of the executive part of that military department, "may correct any military record of the Secretary's department when the Secretary considers it necessary to correct an error or remove an injustice."  10 U.S.C. § 1552(a)(1).  Once a civilian board makes a final decision, that decision is "subject to review under § 706 of the Administrative Procedure Act."  Pettiford v. Sec'y of the Navy, 774 F. Supp. 2d 173, 181 (D.D.C. 2011).  Under the APA, a reviewing court may hold unlawful or set aside an agency action that the court determines to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  5 U.S.C. § 706(2)(A).

When reviewing an agency's action under the APA, it is not the role of the court to resolve factual issues, rather the court need only "determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did."  Fuller v. Winter, 538 F. Supp. 2d 179, 185 (D.D.C. 2008) (quoting Occidental Eng'g Co. v. INS, 753 F.2d 766, 769-70 (9th Cir. 1985)).

Given the language of 10 U.S.C. § 1552(a), which grants the Secretary broad discretion to correct an error or injustice, federal courts review the decisions of military correction boards with "an unusually deferential application of the 'arbitrary and capricious' standard." Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514 (D.C. Cir. 1989); see also Orloff v. Willoughby, 345 U.S. 83, 93 (1953) ("[G]iven the special circumstances in which the military must operate, the courts are ill-equipped to resolve controversies arising from the use of discretionary powers specifically designed to provide military authorities with the freedom and flexibility needed to establish and maintain a well-trained and well-disciplined armed force."). "This deferential standard is calculated to ensure that the courts do not become a forum for appeals by every soldier dissatisfied with his or her ratings, a result that would destabilize military command and take the judiciary far afield of its area of competence." Cone v. Caldera, 223 F.3d 789, 793 (D.C. Cir. 2000). Moreover, there exists a "strong but rebuttable presumption that administrators of the military, like other public officials, discharge their duties correctly, lawfully, and in good faith." Frizelle v. Slater, 111 F.3d 172, 177 (D.C. Cir. 1997) (quoting Collins v. United States, 24 Cl. Ct. 32, 38 (1991), aff'd, 975 F.2d 869 (Fed Cir. 1992)).

Generally, summary judgment is appropriate "if the movant shows [through facts supported in the record] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). However, when parties seek "review of a final agency action under the Administrative Procedure Act, . . . the standard set forth in [Rule 56(a)] does not apply because of the limited role of a court in reviewing the administrative record." Calloway v. Harvey, 590 F. Supp. 2d 29, 35-36 (D.D.C. 2008). Thus, "summary judgment [is] the mechanism for deciding, as a matter of law, whether agency action is supported by the

administrative record and otherwise consistent with the APA standard of review." Fuller, 538 F. Supp. 2d at 185 (citing Richard v. INS, 554 F.2d 1173, 1177 & n.28 (D.C. Cir. 1977)).

The Court is permitted to "determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." Kreis, 866 F.2d at 1508. Accordingly, the Court must defer to the Board's decision unless the Secretary's action in this area was "arbitrary, capricious, or contrary to the statutes and regulations governing that agency," which resulted in an error in its own decision making process. Id. at 1512 (quoting Dilley v. Alexander, 603 F.2d 914, 920 (D.C. Cir. 1979)); Frizelle, 111 F.3d at 176. The court "will not disturb the decision so long as the deciding body examine[d] the relevant data and articulate[d] a satisfactory explanation for its action, including a rational connection between the facts found and the choice made." Poole v. Harvey, 571 F.Supp.2d 120, 124 (D.D.C. 2008) (citing Kreis, 406 F.3d at 686).

## ANALYSIS

### A. Parties' Arguments

Beauregard brings three counts under the APA alleging that the Board ignored significant regulatory violations in its decision making process resulting in an arbitrary and capricious decision. (Compl. at ¶¶ 25-38). In Counts One and Two, Beauregard challenges the Board's conclusions that the alleged procedural defects related to Lt. Beauregard's promotion and discharge characterization of service were harmless error because, according to Beauregard, these conclusions were contrary to applicable law and regulations. (Compl. at ¶¶ 25-32). In Count Three, Beauregard seeks a determination that the Board's ultimate decision in denying the full and complete relief requested by Beauregard—promotion, re-characterization of discharge, awarding of back pay, and removing all mention of the withdrawn and dropped charges brought against Lt. Beauregard—was arbitrary and capricious. (Compl. at ¶¶ 32-38).

Defendant contends that summary judgment is appropriate because there is no genuine issue of material fact and it is entitled to judgment as a matter of law. (Dkt. No. 9 at 12). Moreover, because military correction boards are reviewed under "an unusually deferential application of the 'arbitrary and capricious' standard," Defendant contends the Court is only asked to determine whether the decision making process was deficient, not whether the decision itself was correct. Kreis, 866 F.2d at 1515; Dickson v. Secretary of Defense, 68 F.3d 1396, 1405-06 (D.C. Cir. 1995). For this reason, Defendant argues the Court should rule in its favor by finding the Board's decision making process was not conducted in an arbitrary manner. (Dkt. No. 9 at 13-15). Finally, Defendant submits that Plaintiff bears the burden to overcome the strong but rebuttable presumption that the military administrators discharged their duties correctly, lawfully and in good faith and that Beauregard failed to meet this burden. (Dkt. No. 9 at 13); Frizelle, 111 F.3d at 177.

### B. Delay and Failure to Promote

Beauregard argues that the Board provided no legal basis for its conclusion that Lt. Beauregard was not entitled to a promotion. With respect to the delay of Lt. Beauregard's promotion, Plaintiff contends that Lt. Beauregard was not provided with the requisite notice pursuant to 10 U.S.C. § 624(d), and Department regulations Secretary of the Navy Instruction ("SECNAVINST") 1420.1A. Section 624(d)(3) provides that:

> The appointment of an officer may not be delayed under this subsection unless the officer has been given written notice of the grounds for the delay, unless it is impracticable to give such written notice before the effective date of the appointment, in which case such written notice shall be given as soon as practicable. An officer whose promotion has been delayed under this subsection shall be afforded an opportunity to make a written statement to the Secretary concerned in response to the action taken. Any such statement shall be given careful consideration by the Secretary.

10 U.S.C. §624(d)(3). Plaintiff maintains that Lt. Beauregard was not properly notified of the initial six-month promotion delay pursuant to Section 624(d)(3) because he was not notified of the delay until August 16, 2001, two weeks after his scheduled promotion date. Beauregard also contends that the original six-month promotion delay was never formally extended, in violation of Section 624(d)(4), which provides that an officer's promotion may not be delayed six months beyond the date he would have been otherwise appointed unless the Secretary specifies a further period of delay. 10 U.S.C. § 624(d)(4). Further, under Section 624(d)(4), "[a]n officer's appointment may not be delayed more than 90 days after final action has been taken in any criminal case . . . or more than eighteen months after the date on which such officer would otherwise have been appointed, whichever is later." Id.

The Board acknowledged that there were procedural deficiencies with regard to the delay of Lt. Beauregard's promotion. Specifically, the Board noted that " the delay itself was not directed until about two weeks after [Lt. Beauregard] was due to be promoted, and the initial period of delay was never formally extended." (AR at 11). However, with respect to the initial delay, the Board noted that: (1) Lt. Beauregard had been informed of the intent to delay his promotion on June 8, 2001; (2) he replied to the June 8, 2001 notice on June 25, 2001, and his statement was forwarded to the decision-maker; (3) he was again notified of the delay on August 16, 2001, and given another opportunity to respond. *Id.* With respect to Plaintiff's contention that the period of delay was never formally extended, the Board concluded that "although the initial delay was never extended, the total period of delay did not exceed the maximum allowable period of 18 months, and the Secretary essentially ratified further delay when [Lt. Beauregard's] separation was directed. (AR at 11-12). The Board also concluded that Lt. Beauregard's DUI provided additional grounds to delay Lt. Beauregard's promotion even though the criminal

larceny and forgery charges had been dropped. (AR at 11-12). Although the Board conceded that the initial delay was never extended, the Board provided a reasoned explanation for its conclusion that the procedural deficiencies were harmless error.

Moreover, the Board concluded that these failures to comply with the procedural requirements for delay do not compel promotion. It is well established that military officers do not have a property or liberty interest in a promotion *per se* and, therefore, are not entitled to a promotion as a matter of law. Blevins v. Orr, 721 F.2d 1419, 1422 (D.C. Cir. 1983); see also Dysart v. United States, 369 F.3d 1303, 1314 (Fed. Cir. 2004); Pauls v. Secretary of the Air Force, 457 F.2d 294, 297 (1st Cir. 1972). Additionally, although the language of Section 624(a)(1) indicates that officers on a promotion list *shall* be promoted to the next higher grade, the President of the United States is afforded complete discretion to choose whether or not to appoint an officer and the "statute does not [] alter that process by providing for automatic appointment."[2] Dysart, 369 F.3d at 1311. Thus, after considering the evidence in the record, as well as Plaintiff's arguments regarding the procedural deficiencies in the delay action, the Board rationally determined that the delay in receiving notice was harmless error and did not justify Plaintiff's requested remedy of promotion.

Consequently, the Board is "free to draw [its] own reasonable inferences and conclusions from the evidence before [it]." Mudd v. Caldera, 134 F. Supp. 2d 138, 143 (D.D.C. 2001) (citing Mail Order Ass'n of America v. United States Postal Serv., 2 F.3d 408, 421 (D.C. Cir. 1993)). Furthermore, an agency's decision need not be a model of analytic precision to survive, but rather the agency needs only to have used its discretion in a reasoned manner. Frizelle, 111 F.3d at 176; Kreis, 866 F.2d at 1512. As the Court must employ an "unusually deferential application

---

[2] The President may, however, delegate this appointment power to another; in this case, the power was vested in the Secretary of the Navy.

10

of the arbitrary and capricious standard," the Court concludes that the Board provided a sufficient rational explanation for its conclusion that the procedural deficiencies in the delay of Lt. Beauregard's promotion amount to harmless error and, therefore, does not compel the promotion requested by Plaintiff here.  Kreis, 866 F.2d at 1514.

### C. Separation and Characterization of Service

Plaintiff argues that the Board's decision upholding Lt. Beauregard's General discharge characterization was arbitrary, capricious or contrary to law because the Marine Corps impermissibly considered the withdrawn and dismissed larceny charges.  Additionally, Plaintiff contends that the Marine Corps did not adequately consider the meritorious aspects to Lt. Beauregard's record.  Further, Plaintiff argues that the conduct that purportedly gave rise to separation action—Lt. Beauregard's DUI—does not provide an adequate basis for a less than "honorable" service characterization.  The Board's decision addresses each of these arguments and provides a rational basis for its ultimate conclusion.  Essentially, the Board's decision indicates that Plaintiff's arguments were not sufficient to "overcome the strong but rebuttable presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith."  Frizelle, 111 F.3d at 177.  The Court defers to the Board's conclusion and reasoning that Lt. Beauregard could be processed for separation under the notification procedure because the separation procedure was initiated before Lt. Beauregard had attained five years of service.  The Board's determination is consistent with the binding guidance which provides that an officer with less than five years of service may be processed for separation with the notification procedure as long as he is notified of the separation and given the opportunity to submit a statement.  (AR at 8, 470-567) (SECNAVINST 1920.6B, "Administrative Separation of Officers" (Dec. 13, 1999)).  Furthermore, under the same

guidance, an officer need only be afforded the right to a Board of Inquiry if he or she is to be discharged under an "other than honorable" service characterization, but need not be provided this right if he or she is being discharged under a "general" or "honorable" service characterization. ( Id.). The Court also defers to the Board's conclusion that Lt. Beauregard's DUI conviction was sufficient basis for his separation by reason of misconduct. The directive which provides guidance on the administrative separation of officers in the Navy and Marine Corps explains that an officer may be released from active duty for cause on the basis of misconduct if the officer has committed a military or civilian offense that could be punished by confinement of six months or more. (Id.) Therefore, Lt. Beauregard's DUI provided a sufficient basis for administrative separation. Finally, the Court defers to the Board's ultimate determination that the "general" discharge characterization given to Lt. Beauregard was appropriate. In making this determination, the Board explicitly stated that it considered "not only the overall quality of [Lt. Beauregard's] service, as reflected in his fitness reports, but also that the officers in his chain-of-command recommended an honorable discharge." (AR 12). Nonetheless, the Board concluded that the general discharge was appropriate, even though the Board noted that a general discharge is "rarely appropriate when an officer is separated for misconduct" and that officer misconduct normally warrants discharge under an "other than honorable" service characterization. Id. Therefore, the Court defers to the Board's conclusion that Lt. Beauregard's DUI conviction, even when balanced against his meritorious record, provided sufficient basis for Lt. Beauregard's general characterization of service.

Plaintiff contends that the Board failed to address two additional arguments which Plaintiff raised in his Response to the JAM Advisory Opinion. First, Plaintiff takes issue with the assertion in the JAM Advisory Opinion that the July 16, 2002 DD Form 214 should not have

issued due to the JAM's July 11, 2001 request that no action to promote or separate Lt. Beauregard be taken without prior coordination with the Judge Advocate Division. Plaintiff argued in his response to the Advisory Opinion that this request was no longer relevant in July 2002 because the underlying criminal charges that were the basis for the request were withdrawn and dismissed on May 22, 2002. Plaintiff now contends that the Board did not address this argument and merely adopted the conclusion of the Advisory Opinion. The Court disagrees. While it is true that the Board agreed with the JAM's conclusion that the July 16, 2002 DD Form 214 should never have been issued, the Board reached that conclusion for a different reason. The Board explained that the July 16, 2002 DD Form 214—which released Lt. Beauregard from active duty on October 15, 2002 with an honorable service characterization—should have never been issued because administrative separation proceedings had already been initiated on July 3, 2002. (AR at 12). The Board noted that Lt. Beauregard "never should have been released from active duty on 15 October 2002, prior to Secretarial action on the pending administrative separation *and relies on the provision of the applicable regulation to the effect that a release should not occur if separation for cause, clearly the situation here*." (Id.) (emphasis added). Thus, the Board relied on the directive set forth in SECNAVINST 1920.6B, "Administrative Separation of Officers," which provides that an officer may be released from active duty unless separation processing for cause is warranted. Consistent with this directive, the Board concluded that Lt. Beauregard should not have been released from active duty on October 15, 2002 for completion of his service term because administrative separation for cause had already been initiated. Therefore, the Board did not rely on the July 11, 2001 order as a basis for its conclusions. Although the Board did not squarely address Plaintiff's argument concerning the

July 11, 2001 request, the Board has, however, given "a reason that a court can measure" for its decision. Kreis, 866 F.2d at 1514.

Second, Plaintiff challenges the assertion in the Advisory Opinion that no DD Form 214 should have been issued until after the Secretary's order of October 24, 2002 directing that Lt. Beauregard receive a general service characterization. Plaintiff argues that the Secretary's order should be considered invalid because it was issued after Lt. Beauregard's final End of Service Date, October 15, 2002. Essentially, Plaintiff contends that because Lt. Beauregard was released from active duty for "Completion of Required Active Service" on October 15, 2002, the Secretary's later order discharging Lt. Beauregard for cause should be invalid or ineffective. Plaintiff cites to no authority for this proposition. Moreover, as previously discussed, the Board explained that Lt. Beauregard's October 15, 2002 release should not have occurred because separation for cause had already been initiated. Accordingly, the Board directed that the record should be corrected to reflect that Lt. Beauregard was not released from active duty, but instead was retained on active duty until October 25, 2002, when he was issued a general discharge by reason of misconduct/unacceptable conduct. Therefore, the Court concludes that the Board's decision addresses all of Plaintiff's arguments and gives reasons, sufficiently supported by the administrative record, for the Board's ultimate decision.

## **CONCLUSION**

For the reasons set forth above, summary judgment will be entered in favor of the defendant. An Order accompanies this Memorandum.

Date: October 15, 2012

ROBERT L. WILKINS
United States District Judge